# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-20505

United States Court of Appeals
Fifth Circuit

**FILED**

July 18, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

SYBIL SUAREZ,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:13-CV-111

Before HIGGINBOTHAM, DENNIS, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Sybil Suarez, federal prisoner # 75471-279, seeks a Certificate of Appealability (COA) to appeal the denial of her 28 U.S.C. § 2255 motion challenging her conviction and sentence for filing a false claim for a tax refund. She raises the following claims relating to her sentence and her guidelines sentence range: (1) the upward variance applied by the district court was unconstitutional under *Alleyne v. United States*, 133 S. Ct. 2151 (2013); (2) the enhancement for her being an organizer, leader, supervisor, or manager of the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

criminal activity was inappropriate; and (3) the inclusion of relevant conduct in the loss amount calculation was improper. She asserts that her indictment and conviction were illegal because she was charged with aiding and abetting and the law requires that the taxpayer be charged along with the tax preparer in such cases. She maintains that her trial counsel provided ineffective assistance of counsel in connection with the guilty plea and because trial counsel was disciplined by this court. Suarez contends the AUSA prosecuting her case committed prosecutorial misconduct by conferring with trial counsel to obtain a guilty plea.

Suarez did not raise her claims that her indictment and conviction were illegal because the indictment charged aiding and abetting and the taxpayers were not charged, that her trial counsel provided ineffective assistance because she was disciplined by this court, and that the AUSA committed prosecutorial misconduct in the district court. Accordingly, we do not consider these claims. *See Henderson v. Cockrell*, 333 F.3d 592, 605 (5th Cir. 2003).

The district court rejected Suarez's claims concerning the calculation of her guidelines sentence range on the ground that such claims are not cognizable in § 2255 motions. Suarez does not address this issue; instead she argues the merits of her challenges to the role enhancement and the use of relevant conduct to increase her guidelines sentence range. As Suarez has not addressed the reasoning supporting the district court's denial of these claims, she has waived any challenge she could have brought to the denial of these claims. *See Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

Suarez's *Alleyne* claim is without merit. Even assuming *arguendo* that *Alleyne* is retroactively applicable, the record shows that there was not an *Alleyne* violation in this case. In *Alleyne*, the Supreme Court held that any fact

that increases a defendant's mandatory minimum sentence must be submitted to a jury to be proved beyond a reasonable doubt. *Alleyne*, 133 S. Ct. at 2163. If a defendant is not exposed to a statutory minimum sentence, *Alleyne* is inapplicable. *United States v. Tuma*, 738 F.3d 681, 693 (5th Cir. 2013). In the present case, the sentencing court did not apply a statutory minimum sentence. Accordingly, *Alleyne* is inapplicable, and Suarez's claim is without merit. *See Tuma*, 738 F.3d at 693.

With regard to Suarez's various claims that trial counsel provided ineffective assistance of counsel, the district court denied each claim as either conclusory, unsupported by the record, or inadequate to establish she was prejudiced by counsel's alleged deficiencies under *Strickland v. Washington*, 466 U.S. 668 (1984). To obtain a COA on these claims, Suarez must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483 (2000). For COA purposes, "[t]he question is the debatability of the underlying constitutional claim, not the resolution of that debate." *Miller-El v. Cockrell*, 537 U.S. 322, 342 (2003). "[A] claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that petitioner will not prevail." *Id.* at 338. However, for the reasons that follow, we conclude that Suarez has not shown that reasonable jurists would find it debatable whether she has established a cognizable ineffective-assistance-of-counsel claim. *See Slack,* 529 U.S. at 484.

First, the district court found that Suarez's claims against trial counsel for allegedly poor preparation were conclusory and without any evidentiary support. In light of trial counsel's affidavit detailing her preparation and investigatory efforts throughout the pre-plea proceedings, and the absence of

any evidence supporting Suarez's claims, we conclude that jurists of reason would not debate that the district court properly denied this claim.

With regard to Suarez's ineffective-assistance-of-counsel claim that trial counsel misinformed her regarding the likely sentencing range that would result from her plea, Suarez does not contend that if she had accurate information from counsel regarding her potential sentence, she would not have pled guilty or would have insisted on going to trial. Accordingly, the district court properly concluded that she failed to plead or establish any facts to demonstrate that she was prejudiced by her trial counsel's alleged deficiency. Lastly, the district court rejected Suarez's claim that trial counsel ineffectively negotiated a plea bargain because the record establishes that counsel negotiated with the government attorney and arranged for a plea agreement in which eight of the nine charges against Suarez were dismissed in exchange for her guilty plea. Suarez has not shown "that jurists of reason could disagree with the district court's resolution of her constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327. Accordingly, IT IS ORDERED that Suarez's request for a COA is DENIED.

In addition to seeking a COA, Suarez moves for authorization to file a successive § 2255 motion. She asserts that she seeks to file a successive § 2255 motion based upon newly discovered evidence consisting of an April 1, 2011, e-mail from trial counsel to the prosecuting AUSA. She maintains that counsel did not inform her of this correspondence and that she discovered it sometime in 2013 after she filed a bar grievance against trial counsel. Suarez also appears to assert that this court's order removing her trial counsel as her appointed counsel during her direct appeal constitutes newly discovered evidence sufficient to warrant a successive § 2255 petitioner. Neither the email

4

correspondence, revealing the professional communication between trial counsel and the government attorney, nor the court order disciplining trial counsel for her performance on unrelated appeals establishes any deficiency in trial counsel's representation of Suarez, nor bear upon Suarez's offense of conviction and thus do not constitute "newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense."   28 U.S.C. §§ 2244(b)(3), 2255(h). Accordingly, IT IS ORDERED that Suarez's motion for authorization to file a successive § 2255 motion is DENIED.